**UNITED STATES of America, Plaintiff,**

v.

**King LEE and Her Lee, Defendants.**

**No. 79–CR–123.**

United States District Court,
E. D. Wisconsin.

April 8, 1980.

---

Joan F. Kessler, U. S. Atty. by Elizabeth L. Adelman, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Herbert L. Abraham, Milwaukee, Wis., for Her Lee.

Bradley D. Carr, Milwaukee, Wis., for King Lee.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the motion of Her Lee for reimbursement of transportation and subsistence costs incurred in connection with his court appearances in this action. The motion is brought pursuant to 18 U.S.C. § 4285. The United States attorney has responded favorably to Mr. Lee's motion, except insofar as his affidavit fails to detail expenses within the per diem allowance limitations imposed by 5 U.S.C. § 5702(a).

In pertinent part, 18 U.S.C. § 4285 provides:

"Any judge or magistrate of the United States, when ordering a person released under [the Bail Reform Act] on a condition of his subsequent appearance before that court, any division of that court, or any court of the United States in another judicial district in which criminal proceedings are pending, may, when the interests of justice would be served thereby and the United States judge or magistrate is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own, direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required, and in addition may direct the United States marshal to furnish that person with an amount of money for subsistence expenses to his destination, . . ."

The legislative history to this recently-enacted provision reveals a two-fold purpose:

"The bill would expedite criminal proceedings in the Federal courts and conserve the manpower of the U. S. Marshals by enabling a defendant who is otherwise eligible for release, but who would not provide the necessary transportation on his own, to travel unescorted by the U. S. Marshals Service to the place where criminal proceedings are pending." H.R. Rep. No. 95–1653, 95th Cong., 2d Sess. 1, 1978 U.S.Code Cong. & Admin.News, pp. 3732, 3733.

The House Report further states that:

"This bill's provisions would only be applicable to necessary direct travel to the receiving court for subsequent appearances." Id. at 3, 1978 U.S.Code Cong. & Admin.News, p. 3734.

In my opinion, the statutory language and legislative history quoted above clearly indicate that Congress did not contemplate reimbursement in situations like the one at bar. In this case, Mr. Lee's travel and subsistence expenses were occasioned by his desire to remain at his home during the pendency of these proceedings. This decision on his part meant that he had to travel from Salem, Oregon to Milwaukee for his court appearances. The expenses Mr. Lee thereby incurred were not the result of any necessity of his appearing before *another* tribunal where charges were pending but were the result of his personal desire to be somewhere else during the pendency of this action. I do not believe the Congress intended to authorize reimbursement in situations where the travel is caused by the defendant's personal wishes and not by the need to facilitate his appearance before another tribunal.

Therefore, IT IS ORDERED that the defendant Her Lee's motion for reimbursement of travel and subsistence expenses be and hereby is denied.