### UNITED STATES of America

### v.

### Paul GONZALES, Emerio Rivera, Melvin Sweeney.

Crim. A. Nos. 88–20–01, 88–20–02 and 88–20–03.

United States District Court, D. Vermont.

April 29, 1988.

Sandra Strempel, Asst. U.S. Atty., for the D. of Vt., Burlington, Vt., for U.S.

Robert O'Neill, Gravel & Shea, Burlington, Vt., for defendant.

## OPINION

BILLINGS, District Judge.

On January 19, 1988, defendant Paul Gonzales was arrested in South Burlington, Vermont. Gonzales, a resident of Houston, Texas, was subsequently indicted on charges of conspiring to distribute marijuana in violation of 21 U.S.C. §§ 841(a), 846. Defendant received court-appointed counsel and was released from custody on February 4, 1988, pursuant to an Order Setting Conditions of Release issued by the United States Magistrate.

On March 2, 1988, defendant sought and obtained a court order, pursuant to 18 U.S.C. § 4285, directing the United States Marshal to arrange for defendant's noncustodial transportation from Texas to Vermont for defendant's arraignment. The government did not oppose defendant's request. On March 15, 1988, Emerio Rivera, a co-defendant in this action, made a similar motion for payment of travel expenses. The government objected. The Court granted the motion by Opinion and Order dated March 16, 1988. On April 25, 1988, defendant Gonzales moved for a second noncustodial transportation order to allow him to travel to Vermont to enter a guilty plea. The government filed another objection. The Court granted the motion the same day, indicating a written memorandum would follow. The following is a written explanation of the Court's reasoning for granting defendant's motion for a noncustodial transportation order.

## DISCUSSION

Section 4285 of title 18 of the United States Code provides:

> Any judge or magistrate of the United States, when ordering a person released under chapter 207 on a condition of his subsequent appearance before *that* court, any division of *that* court, or any court of the United States in another judicial district in which criminal proceedings are pending, may, when the interests of justice would be served thereby and the United States judge or magistrate is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own, direct the United States marshal to arrange for that person's means of non-custodial transportation or furnish the fare for such transportation to the place where his appearance is required, and in addition may direct the United States marshal to furnish that person with an amount of money for subsistence expenses to his destination, not to exceed [sic] the amount authorized as a per diem allowance for travel under section 7502(a) of title 5, United States Code. When so ordered, such expenses shall be paid by the marshal out of funds authorized by the Attorney General for such expenses.

(emphasis added).

The Court is aware of only three opinions addressing this statute, in addition to its own Opinion and Order in *United States v. Rivera*, No. 88–20–02, (D.Vt. Mar. 16, 1988). *United States v. Lee*, 487 F.Supp. 579 (E.D.Wisc.1980), provides support for the government's position that section 4285 does not contemplate the type of payments requested by defendant. In *Lee*, the defendant, who resided in Oregon, sought reimbursement under section 4285 for expenses incurred in connection with court appearances in Wisconsin. Apparently

the government's only objection to the motion concerned the amount of the reimbursement request. Notwithstanding the government's general concurrence with the request, the Court denied the motion.

The Court based its decision, in part, on the fact that defendant voluntarily returned home during the pendency of his criminal action. The court reasoned that "[t]he expenses Mr. Lee thereby incurred were not the result of any necessity of his appearing before *another* tribunal where charges were pending but were the result of his personal desire to be somewhere else during the pendency of this action." *Id.* at 580 (emphasis in original).

The reasoning in *Lee* is troubling in two respects. First, the plain language of the statute does not support the determination that travel expenses are only authorized when the defendant must appear before "another tribunal." The statute authorizes payments for travel to three different courts: 1) "that court" (the releasing court); 2) "any division of that court; or 3) "any court of the United States in another judicial district in which criminal proceedings are pending." The plain language of the statute indicates that noncustodial transportation payments may be authorized to enable the defendant to appear at subsequent proceedings before the releasing court. *See* H.R.Rep. No. 95–1653, 95th Cong., 2d Sess. at 2 (1978), U.S.Code Cong. & Admin.News 1978, pp. 3732, 3733 ("Further, the bill also addresses the situation where a person is subject to reappearance before the court within the same division.")

Secondly, the rationale that defendant voluntarily chose to incur the travel expense is problematic. Public policy strongly encourages individuals awaiting trial to maintain family and employment ties. The inference that a defendant should simply arrange accommodations during the pendency of criminal matters in a judicial district away from home ignores the economic reality and financial burdens placed upon indigent defendants. The criminal justice system should not penalize a released defendant for choosing to leave the releasing district to return home.

Perhaps *Lee* can best be understood, and thus distinguished, as a "reimbursement" case. Section 4285 requires the court to inquire about a defendant's ability to pay travel expenses. The defendant in *Lee* had already paid his travel expenses and, therefore, may have demonstrated a lack of financial need under section 4285.

Section 4285 is discussed, in dicta, in *United States v. Haley*, 504 F.Supp. 1124 (E.D.Pa.1981). In *Haley*, defendants moved for a change of venue in a racketeering prosecution. Defendants, who resided in Georgia, were indicted in Pennsylvania on multi-district conspiracy charges. In discussing the financial burdens imposed on defendants indicted away from home, the court acknowledged that section 4285 authorized it to "order 'noncustodial transportation' of indigent defendants to trial by the United States Marshal and further allows the court to direct the Marshal to furnish defendant 'an amount of money for subsistence expenses *to* his destination.'" *Id.* at 1129 (emphasis in original). The court indicated in a footnote that it had "[o]n several occasions ... ordered the Marshal to provide [section 4285 funds] to afford defendants the opportunity to attend pre-trial proceedings." *Id.* at 1129 n. 34.

The *Haley* defendants, like defendant Gonzales, were charged with conspiracy in a district other than their home district. The *Haley* court acknowledged, and exercised, its authority under section 4285 to order noncustodial transportation payments so defendants could attend court proceedings. In *Haley*, the court issuing the noncustodial transportation order was the same court that required the appearance of the defendants.

The unreported opinion, *United States v. Badalamenti*, No. 84 Cr. 236 (S.D.N.Y. Jul. 22, 1986) (1986 W.L. 8309), provides a further discussion of section 4285. In *Badalamenti*, defendant moved for subsistence expenses during trial pursuant to section 4285. The court ruled that the statute addressed subsistence in traveling to the place of trial but did not contemplate pay-

ment of subsistence expenses during trial. The court recognized, however, that:

> Prior to the statute, the United States marshal was making vast expenditures of manpower, money and time transporting such persons in custody. The statute provides for a cheaper and more efficient means of getting a reliable defendant to the charging district by releasing him and furnishing him with transportation expenses plus en route subsistence.

*Id.* Although the *Badalamenti* court addressed defendant's travel from the releasing court to "another judicial district," the court's discussion of section 4285's statutory purpose applies equally to travel to the releasing court for additional proceedings.[1]

The circumstances of this case place defendant Gonzales in a bind. After executing a $10,000 appearance bond and posting $1,000 with the court, defendant elected to return home upon his release. Financial constraints now make it impossible for him to afford the travel expenses to Vermont to enter a guilty plea. Despite his expressed desire to change his plea, defendant lacks the economic resources to appear before the court to effectuate the change.

The government has not squarely addressed how defendant should extricate himself from this bind. The government initially argues that defendant has the funds to pay for his travel expenses. The documentation supporting defendant's motion indicates otherwise. Alternatively, the government argues that section 4285 does not authorize payments for this type of travel expense. The government never suggests a course of conduct for the released, indigent defendant who cannot afford to travel to court.

Although not articulated, the inevitable result of an indigent's inability to pay travel costs is intervention by the United States Marshal's Service. If the indigent cannot afford to travel to court, and the government will not pay or arrange for noncusto-

dial transportation, the government must resort to custodial transportation, a form of detention. Thus, the status of indigency could result in detention for individuals already deemed eligible for release under the Bail Reform Act, 18 U.S.C. § 3142.

This Court will not tolerate, nor would the equal protection clause permit, indigency to serve as a basis for detention. One of the expressed purposes of the Bail Reform Act was to remove financial considerations from the pretrial release determination. *See Allen v. United States,* 386 F.2d 634, 637 (D.C.Cir.1967) (Bazelon, C.J. dissenting) ("It plainly appears from the language and history of the Bail Reform Act that its central purpose was to prevent pretrial detention because of indigency.") (discussing Bail Reform Act of 1966). Section 4285 serves as a complement to the Bail Reform Act, facilitating "equal protection of the law by providing that a defendant be released from custody when he is so entitled under the Bail Reform Act of 1966, as amended, without regard to his financial position." H.R.Rep. No. 95–1653, 95th Cong., 2d Sess. at 2 (1978), U.S.Code Cong. & Admin.News 1978, pp. 3733, 3734.

Moreover, sound economic rationales support paying the defendant's expenses. Providing custodial transportation imposes financial costs on the government and disrupts the human resources of the United States Marshal's Service. As indicated in the legislative history to section 4285 and by the *Badalamenti* court, arranging for noncustodial transportation provides a cheap, efficient means for ensuring the court appearance of willing, indigent defendants who reside outside the judicial district.

As indicated in *Haley* and in this Court's Opinion and Order in *United States v. Rivera,* payment may only be authorized from Texas to Vermont. There is no authority to pay for defendant's return to Texas after the court proceeding.[2] *See* H.R.Rep.

---

**1.** In a noteworthy decision, the *Badalamenti* court holds that due process and fundamental fairness dictate that the government pay defendants' subsistence expenses during trial even

though section 4285 does not authorize the payments.

**2.** In ruling on defendant Gonzales's initial unopposed request for travel expenses the Court erro-

No. 95–1653, 95th Cong., 2d Sess. at 3 (1978), U.S.Code Cong. & Admin.News 1978, p. 3734 ("Further, it is intended that usually only travel expenses to appear before the court would be provided.")

## CONCLUSION

The plain language of section 4285, economic realities, and the dictates of the equal protection clause support the finding that, after appropriate financial inquiry, this Court may order the government to pay or arrange for the noncustodial transportation of defendant from Texas to Vermont to enter his guilty plea.

neously determined that section 4285 provided

the authority for round-trip payments.