**UNITED STATES of America**

v.

**Stephen JAMES.**

**CR. No. 91–0129 JGP.**

United States District Court,
District of Columbia.

March 28, 1991.

Patricia M. Haynes, Asst. U.S. Atty., Washington, D.C., for plaintiff.

Michael C. Wallace, Asst. Federal Public Defender, Washington, D.C., for defendant.

## ORDER

JOHN GARRETT PENN, District Judge.

The defendant is charged with possession of 500 grams or more of cocaine with intent to distribute. Defendant resides in Massachusetts and when he appeared before a Magistrate Judge, he was released on his personal recognizance. The defendant appeared before this Court for arraignment on March 26, 1991, was arraigned and continued on personal recognizance. The matter is before the Court on the defendant's Ex Parte Motion for Transportation Expenses. The motion was filed in open court on March 26 and the Court directed that a copy of the motion be furnished to counsel for the government.[1]

The case was reassigned to this Court on March 22, 1991 and at that time there was pending a motion requesting transportation expenses from Massachusetts to the District of Columbia. The Court entered an appropriate order for that purpose. *See* Order filed March 25, 1991. The present motion addresses the question of transportation costs from the District of Columbia to Massachusetts.

18 U.S.C. § 4285 provides that:

Any judge or magistrate of the United States, when ordering a person released under chapter 207 on a condition of his subsequent appearance before *that court, any division of that court, or any court of the United States in another judicial district in which criminal proceedings are pending, may* when the interest of justice would be served thereby and the United States judge or magistrate is satisfied, after appropriate

---

1. This is no confidential matter set forth in the motion and there is no reason why the motion cannot be viewed by the government. Indeed, where such a motion is made the Court must be satisfied that the defendant is financially unable to provide the necessary transportation. 18 U.S.C. § 4285. Under these circumstances the government may have information that is relevant to the Court's inquiry thus, absent unusual circumstances, the motion should not be heard ex parte.

inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own, direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required, and in addition may direct the United States marshal to furnish that person with an amount of money *for subsistence expenses to his destination,* not to exceed (sic) the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code. When so ordered, such expenses shall be paid by the marshal out of funds authorized by the Attorney General for such expenses. (Emphasis the Court's.) The above statute has been addressed in only a few cases and the defendant has not directed the Court to any cases in which the Court ordered the Marshal to pay for the transportation of a defendant from the court or judicial district where the proceeding are be conducted to his home. The language of the statute provides that upon direction by a court, the United States Marshal is to make arrangements for transportation *to* the court and that the Marshal is to pay money for the defendant's subsistence expenses *to his destination.*

The legislative history provides that: "This bill's provisions would *only* be applicable to necessary direct travel *to* the receiving court for subsequent appearance. Further, it is intended that usually only travel expenses to appear before the court would be provided." S.Rep. No. 95–760, H.R.Rep. 95–1653, 95th Cong., 2d Sess., *reprinted in* 1978 U.S.Code Cong. & Admin.News 3732, 3734 (emphasis the Court's). "This section authorizes a Federal court judge or magistrate to direct the U.S. marshal to furnish an indigent defendant, pending his appearance before that court, or in another judicial district or division with noncustodial transportation or with transportation expense *to the place where the charges are pending.*" *Id.* at 3732 (emphasis the Court's). The few cases addressing this issue have interpreted the above language to mean that

"[t]here is no authority to pay for defendant's return to [home] after the court proceeding." *United States v. Gonzales,* 684 F.Supp. 838, 841 (D.Vt.1988). In *United States v. Haley,* 504 F.Supp. 1124, 1129 (E.D.Pa.1981), the court stated:

Under 18 U.S.C. § 4285 the court may order "noncustodial transportation" of indigent defendants *to* trial by the United States Marshal and further allows the court to direct the Marshal to furnish defendant 'an amount of money for subsistence expenses to his destination.' However, the statute does not authorize subsistence funding for defendant once they arrive at the place of trial and during trial, which could be extended. (Bold in the original, emphasis this Court's).

■ After reviewing the statute, the legislative history and the few cases that have addressed the issue, the Court must conclude that the statute does not authorize the Court to direct the Marshal to pay for the defendant's return to Massachusetts. In denying the defendant's request, the Court recognizes that a strong argument can be made for giving the defendant a round trip. Such action would allow him to maintain his ties to his family and to maintain his employment. But, the statute provides for a one way ticket, notwithstanding the possible hardship to the defendant. That Congress has so limited payment of costs is borne out by the fact that, while the statute authorizes payment to travel to the court, once at the site of the court, the statute does not authorize payment of subsistence during the course of the trial or hearing.

■ While rejecting the defendant's request, the Court notes that it does not read the statute as providing that the Court may never provide round trip transportation. In this connection, it is noted that the legislative history indicates that *"usually* only travel expenses to appear before the court would be provided." The defendant argues that because he is represented by the Federal Defender that it follows that he should be granted the relief he seeks. The Court must disagree. He has provided nothing which would permit the Court to carve out

an exception to the rule clearly set forth in the statute.

The motion will be denied.

It is hereby

ORDERED that the defendant's ex parte motion for transportation expenses is denied.